UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO A. SISNEROS,

    Plaintiff,

    v.

OAKLAND UNIFIED SCHOOL DISTRICT,

    Defendant.

Case No. 14-cv-05144-JST

**ORDER APPOINTING GUARDIAN AD LITEM**

Ricardo Sisneros, the father of Plaintiff V.S., filed this case on her behalf on November 20, 2014. V.S. alleges that the Oakland Unified School District violated her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and seeks damages and injunctive relief under 42 U.S.C. § 1983. ECF No. 10. Sisneros seeks appointment as guardian ad litem for V.S., who is a minor with a substantial cognitive disability. Id. at 2, 4. For the reasons set forth below, the Court will appoint Sisneros as V.S.'s guardian ad litem.

## I. LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed R. Civ. P. 17(c)(2).

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Under California law, the Court may appoint a guardian ad litem to represent the interests of a person who lacks legal competence to make decisions. Cal. Civ. Proc. Code § 372(a). "A court has broad discretion in ruling on a guardian ad litem application." Williams v. Superior Court of San Diego, 147 Cal. App. 4th 36, 47 (2007) (citing In re Emily R., 80 Cal. App. 4th 1344, 1356 (2000)). When there is no conflict of interest, the guardian ad litem

1  appointment is usually made on application only and involves little exercise of discretion by the
2  court. In re Marriage of Caballero, 27 Cal. App. 4th 1139, 1149 (1994); Kulya v. City and County
3  of San Francisco, No. 06-cv-06539-JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007).
4      When choosing a guardian ad litem in a civil lawsuit, the most important issue is the
5  protection of the minor's interest in the litigation. Kulya, 2007 WL 760776, at *1 (citing
6  Williams, 147 Cal. App. 4th at 47).

**II.  DISCUSSION**

V.S. is a minor with a substantial disability. ECF No. 10 at 2. Ricardo Sisneros, V.S.'s parent, has partial custody of V.S. He seeks no relief for himself in this litigation and is willing and able to act on behalf of V.S. V.S.'s father may serve as her guardian ad litem so long as he does not have any interest adverse to hers. See Williams, 147 Cal. App. 4th at 50.

The Court finds that this appointment is in the plaintiff's best interests. Accordingly, the Court hereby appoints Ricardo Sisneros as guardian ad litem for Plaintiff V.S.

IT IS SO ORDERED.

Dated: March 27, 2015

_____
JON S. TIGAR
United States District Judge

2