UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO A. SISNEROS,<br><br>    Plaintiff,<br><br>        v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.  14-cv-05144-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Oakland Unified School District's Motion to Dismiss. ECF No. 15. For the reasons set forth below, the motion is granted.[1]

## I.    BACKGROUND

For the purpose of deciding this motion, the Court accepts as true the following factual allegations from the plaintiff's First Amended Complaint ("FAC"). ECF No. 10.

V.S., a minor child with a substantial cognitive disability, is a student in Oakland Unified School District ("OUSD"). Id. at 1-2, 4. She qualifies for an individualized education program ("IEP") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Id. at 2. In administering V.S.'s special education services since the 2009-2010 school year, OUSD has placed V.S. in danger, leading to her being assaulted during the school day. Id.

In addition, despite V.S.'s disruptive and socially inappropriate behavior, OUSD denied V.S.'s parents' request for psychological reevaluation. Id. at 2-3. As a result, OUSD has provided inadequate support while transporting V.S. to her education placement. Id. at 3. OUSD is responsible for providing transportation to V.S. as a provision of implementing her IEP. Id. On

---

[1] The Court granted the motion from the bench on March 19, 2015. ECF No. 30. The Court now issues this order to provide the reasons in support of its order. Sisneros, acting as V.S.'s guardian ad litem, filed a Second Amended Complaint on March 25, 2015.

her two-hour bus ride to school, V.S. has no paraprofessional support. Id. at 4. Without the necessary adult support, V.S. exhibits inappropriate social behavior, including anxiety, self-induced vomiting, echolalia, and spontaneous outbursts of excessive laughter. Id. These behaviors provoke other students on the bus, who also have disabilities, to assault V.S., and create danger for all student passengers. Id. Although OUSD has been notified by both V.S.'s parent and by the bus driver, it has failed to remedy this situation. Id. at 4-5. V.S.'s parent has begun transporting her to school himself to remove her from danger. Id.

V.S.'s parent, Ricardo Sisneros, filed this lawsuit on her behalf, alleging that OUSD has violated V.S.'s rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and seeking monetary and injunctive relief under 42 U.S.C. § 1983. Id. at 1, 6. OUSD moves the Court to dismiss the FAC. ECF No. 15.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

In its motion, OUSD argues that the complaint should be dismissed for three distinct reasons: (1) Sisneros, as a parent of V.S., may not represent her interests as a *pro se* plaintiff;

(2) OUSD is immune from suit under the Eleventh Amendment to the United States Constitution; and (3) Sisneros has failed to state a cause of action against OUSD pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 15 at 2. Because OUSD agrees that "the substitution in of counsel for V.S. does appear to solve the issue of representation," the Court need not consider OUSD's first argument.[2]  ECF No. 24; see ECF No. 23.

### A. Sovereign Immunity

"It is well-established that a school district cannot be sued for damages under [42 U.S.C.] § 1983." C.W. ex rel. K.S. v. Capistrano Unified School District, No. 12-57315, 2015 WL 859545, at *7 (9th Cir. Mar. 2, 2015) (citing Belanger v. Madera Unified School District, 963 F.2d 248, 254 (9th Cir. 1992) (holding that in California, school districts are state agencies for purposes of Eleventh Amendment immunity, and concluding that school districts cannot be liable for damages under § 1983)). The claim must therefore be dismissed with prejudice, except insofar as V.S. seeks injunctive relief.

### B. Failure to State a Claim

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). "[T]he disabled do not constitute a suspect class for equal protection purposes." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (internal quotation marks omitted). Accordingly, Plaintiff must allege that similarly situated individuals were intentionally treated differently without rational relationship to a legitimate state purpose. Id.; see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2010).

The Court concludes that Plaintiff has failed to state claim under § 1983 for violation of the Equal Protection Clause. The complaint alleges that OUSD failed to adequately support V.S. and to protect her from harm. It does not allege that OUSD acted with a discriminatory purpose;

---

[2] In addition, because V.S. is a minor, she can appear only through a guardian ad litem. Fed. R. Civ. P. 17(c)(2). The Court has appointed Ricardo Sisneros as V.S.'s guardian ad litem in a separate order.

1  that V.S. was treated differently from similarly situated students; or that OUSD's actions were not
2  rationally related to a legitimate state purpose.  The claim must therefore be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted.  The complaint is dismissed with prejudice insofar as it seeks damages.  It is dismissed without prejudice insofar as it seeks injunctive relief.  Plaintiff is granted leave to file an amended complaint.

**IT IS SO ORDERED.**

Dated:  March 27, 2015

_____
JON S. TIGAR
United States District Judge