UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.S. by and through her Guardian Ad Litem RICARDO SISNEROS,<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. 14-cv-05144-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 35 |

Before the Court is Defendant Oakland Unified School District's Motion to Dismiss Second Amended Complaint. ECF No. 35. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

## I.     BACKGROUND[1]

Plaintiff V.S., a minor child with a substantial intellectual disability, resides within the boundaries of Defendant Oakland Unified School District ("OUSD"). Second Amended Complaint ("SAC"), ECF No. 32, ¶¶ 1-2, 8. V.S.'s disability limits her ability to communicate, and qualifies her for developmental and special education services. Id. ¶ 8. V.S. has a history of being assaulted and bullied at her educational placements in OUSD. Id. ¶ 9. Ricardo Sisneros is V.S.'s father and guardian ad litem. Id. ¶ 2.

OUSD has placed V.S. at a non-public school, but continues to provide transportation between V.S.'s home and school on a bus operated by First Student, Inc. Id. ¶¶ 9-10. Although the distance between V.S.'s home and school is 11.2 miles, the trip to school generally takes about two hours. Id. ¶ 14. On November 17, 2014, V.S.'s bus driver, Ms. Jones, spoke with Sisneros.

---

[1] For purposes of deciding this motion, the Court accepts as true the material allegations of the Second Amended Complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

1  Id. ¶ 11. Jones expressed frustration with V.S.'s socially inappropriate behavior; informed
2  Sisneros that she couldn't do anything to protect V.S. from the resulting bullying and assault by
3  other students on the bus; and confirmed that she had informed school and district staff about her
4  concerns. Id. ¶¶ 11-12. On November 21, 2014, Jones spoke with both of V.S.'s parents. Id. ¶
5  13. In this conversation, Jones reiterated her warning that she could not protect V.S., and stated
6  that two students in particular are offended by V.S.'s echolalia and have bullied and assaulted her
7  while on the bus. Id. That day, Sisneros notified OUSD's Programs for Exceptional Children by
8  certified mail and by fax about the dangerous conditions on the school bus. Id. ¶ 15. OUSD has
9  taken no action to protect V.S., warn her parents, provide details about the alleged assaults and
10 bullying, provide an aide to support V.S. on the bus, or adjust the length of her bus ride. Id. ¶ 16.

Sisneros initiated this action on V.S.'s behalf on November 20, 2014. ECF No 1. The operative SAC was filed on March 25, 2015, against Defendants OUSD and Does 1-20, "employees and/or agents of [OUSD], who authorized, failed to protect, failed to respond or subjected V.S. to physical and emotional abuse and bullying due to her disability." SAC ¶ 3. In the SAC, Plaintiff alleges causes of action under 28 U.S.C. section 1983; section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182.[2] Id. ¶¶ 19-62. She seeks damages, declaratory and injunctive relief, costs, and attorney's fees.

On April 9, 2015, OUSD filed the instant motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the SAC. ECF No. 35. Plaintiff opposes the motion. ECF No. 37.

The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S.

---

[2] The caption and "Jurisdiction and Venue" section of the SAC suggest that it also alleges causes of action under the Individuals with Disabilities Education Act ("IDEA") and Title II of the ADA, but no such causes of action have been pleaded.

544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION

#### A. 28 U.S.C. § 1983

OUSD argues that Plaintiff's section 1983 claim, which is based on allegations that OUSD and unidentified OUSD employees and agents violated V.S.'s Fourteenth Amendment rights to equal protection and due process, must be dismissed for failure to state a claim.[3] ECF No. 35 at 6.

As a preliminary matter, the Court notes that its prior order of March 27, 2015, dismissed the section 1983 claim with prejudice insofar as Plaintiff seeks damages against OUSD. ECF No. 34. "It is well-established that a school district cannot be sued for damages under § 1983." C.W. v. Capistrano Unified School Dist., No. 12-57315, 2015 WL 1566942, at *7 (9th Cir. Mar. 2, 2015) (citing Belanger v. Madera Unified School Dist., 963 F.2d 248, 254 (9th Cir. 1992) (holding that in California, school districts are state agencies for purposes of Eleventh Amendment immunity, and concluding that school districts cannot be liable for damages under section 1983))).[4] The SAC contains only a prayer for injunctive relief in connection with Plaintiff's

---

[3] In her opposition to the motion, V.S. suggests that she "should [also] be able to use 42 U.S.C. § 1983 to seek damages from state officials for their ADA violations." ECF No. 37 at 5. But in the Ninth Circuit, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

[4] Plaintiff argues that "[a] municipality is liable for damages flowing from constitutional violations that it caused through the execution of its policy or custom," citing Monell v. New York City Department of Social Services, 436 U.S. 658, 690-92 (1978), but does not explain how or why

3

section 1983 claim.

### 1. Standing

OUSD first suggests that it is not clear from the complaint whether V.S. actually suffered any injury on the bus during her morning commute, and therefore she may not have standing under Article III of the United States Constitution. ECF No. 35 at 7 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). The SAC alleges that "Ms. Jones stated 'I cannot do anything for her' in the context of protecting plaintiff from bullying and assault by the other student bus passengers" and that "Ms. Jones reiterated her warning that there is nothing she can do for plaintiff V.S. protection and safety including divulging further facts corroborating that there are two students at issue who . . . have bullied and assaulted plaintiff while on the bus." SAC ¶¶ 11, 13. The SAC also states that "V.S. has a diagnostic category of intellectual disability with autism spectrum disorder type symptoms and speech/language express/receptive deficit" and that her "intellectual, speech and communication disabilities limit her ability to notify adults of abuses she suffers." Id. ¶ 1, 8. Where the minor Plaintiff is unable to report abuse and bullying on the school bus herself, the statements of her bus driver, apparently the only adult witness, are adequate to allege that she has suffered an injury.

### 2. Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). "[T]he disabled do not constitute a suspect class for equal protection purposes." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (internal quotation marks omitted). Accordingly, Plaintiff must allege that similarly situated individuals were intentionally treated differently without rational relationship to a legitimate state purpose. Id.; see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

OUSD contends that Plaintiff's allegations are insufficient to state an equal protection

---

Monell creates an exception to the rule stated in Belanger. ECF No. 37 at 4.

claim because Plaintiff has not alleged that OUSD was informed about any problems on the bus before they occurred.  ECF No. 35 at 7-8.  Although the SAC alleges that Jones informed paraprofessional aides at V.S.'s non-public school, these aides are presumably not OUSD employees.  Id.  And although Plaintiff does allege that Sisneros contacted OUSD, his letter was sent after this suit was filed, and Plaintiff does not claim that any incidents occurred after OUSD was notified.  Id.  Furthermore, OUSD argues, Plaintiff's allegation that OUSD has a policy and practice of failing to protect all disabled students, based on Jones's stated inability to handle the behavior of the students on her bus, is "wholly unsupported."  Id.

The Court concludes that the allegations in the SAC adequately state a claim under section 1983 for a violation of the Equal Protection Clause.  Plaintiff alleges that during Sisneros's first conversation with Jones, "Jones confirmed that she informed the school and district staff of her concerns."[5]  SAC ¶ 12.  She also alleges that even after Sisneros notified OUSD directly, OUSD "has taken no action to protect V.S., warn her parents, provide details of the assaults and bullying, provide a bus aide, or to adjust her bus ride length," demonstrating deliberate indifference to her safety.  Id. ¶¶ 16-17.  Defendants "failed to respond," "failed to protect" V.S., and "maintained an environment to permit the physical and emotional abuse of V.S."  Id. ¶¶ 3-4.  Plaintiff also claims that "defendants denied [V.S.] full and equal accommodations and privileges of protection provided to students who are able to verbalize harms, because of her disability."  Id. ¶ 45.  The allegation that OUSD and its employees and agents are deliberately failing to protect V.S. from known bullying and assault on the school bus because she is unable to report the danger herself is sufficient to state a claim for relief under section 1983.  See Village of Willowbrook, 528 U.S. at 564.

---

[5] OUSD objects that in the declaration filed in support of the First Amended Complaint, Sisneros stated that Jones informed "paraprofessional student aides" about her concerns, and therefore "Plaintiff's allegation in the SAC that *OUSD* staff were on notice is not reflected in or supported by Mr. Sisneros's own sworn declaration."  ECF No. 35 at 3 (quoting ECF No. 10 at 34).  The declaration is not inconsistent with Jones stating that she had communicated her concerns to both school and district staff, as alleged in the SAC.  Furthermore, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the operative complaint as true.  Knievel, 393 F.3d at 1072.

### 3. Due Process

Plaintiff apparently seeks to invoke both the "special relationship" exception and the "state-created danger" exception to the general rule that "the Fourteenth Amendment's Due Process Clause . . . typically does not impose a duty on the state to protect individuals from third parties." Henry A v. Willden, 678 F.3d 991, 998 (9th Cir. 2012); ECF No. 37 at 7. The special relationship exception, however, "does not apply when a state fails to protect a person who is not in custody." Patel v. Kent School Dist., 648 F.3d 965, 972 (9th Cir. 2011); see also id. at 973 ("Compulsory school attendance and *in loco parentis* status do not create 'custody.'").

The state-created danger exception applies "when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known and obvious danger." Henry A., 678 F.3d at 998 (internal quotation marks and alterations omitted). OUSD argues that Plaintiff's allegations are insufficient to establish a state-created danger because: (1) the allegations "are vague and fail to provide any specifics regarding the nature or severity of the alleged bullying or assault(s)"; (2) there is no allegation that any danger was known or obvious to OUSD; and (3) there is no allegation, other than conclusory statements, that any OUSD official acted with deliberate indifference to the alleged danger." ECF No. 35 at 9. OUSD notes that the SAC does not allege that any further assaults or bullying occurred after Sisneros notified OUSD, and that Plaintiff provides no evidence that the District failed to investigate or respond. Id.

The Court concludes that the SAC, construed in the light most favorable to Plaintiff, adequately states a claim under the state-created danger exception. Plaintiff has alleged that OUSD is responsible for transporting V.S. to and from her educational placement, that V.S. has been assaulted and bullied by other students during her morning bus ride, that OUSD was notified of the assaults, and that no OUSD official acted to protect V.S. or otherwise respond to the danger.

Certainly a complaint that detailed V.S.'s injuries and each incident of assault and bullying she has experienced, and that referenced internal OUSD communications concerning her transportation arrangements, would be stronger. But V.S. is unable to describe her injuries or tell her parents when they occurred. She is also unable to access internal OUSD communications concerning her transportation arrangements. Because "more detailed information is uniquely

within Defendants' possession, more cannot be expected of Plaintiff in pleading her claim." Vasquez v. Bank of America, N.A., No. 13-cv-02902-JST, 2013 WL 6001924, at *16 (N.D. Cal. Nov. 12, 2013); see also Scott Dodson, New Pleading, New Discovery, 109 Mich. L. Rev. 53, 66 (2010) (noting the burden of modern pleading standards on plaintiffs in civil rights and discrimination suits, who may face information asymmetry because some crucial facts are solely in the hands of defendants or hostile third parties).

OUSD argues that Plaintiff's section 1983 claim fails in any event because its "primary focus" is Jones, who is not an OUSD employee, and whose actions and inactions cannot support a claim against OUSD officials. ECF No. 35 at 9; see Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("there is no respondeat superior liability under section 1983"). "Other than mentioning unidentified OUSD staff as Does 1-20 and generally alleging that, *en masse*, these staff members failed to respond to known reports of alleged conduct," OUSD argues, "Plaintiff has failed to plead any specific facts that an official of OUSD under the color of state law violated any constitutional right of Plaintiff." ECF No. 35 at 9. As Defendants acknowledge, however, "it is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown in order to withstand dismissal of the complaint in the initial review stage." Id. at 1. Furthermore, the SAC does not seek to hold the Doe Defendants liable for the actions and inactions of Jones. Rather, it alleges that, having been notified by Jones and Sisneros about the danger to V.S., the Doe Defendants failed to respond and protect V.S. when they failed to: discipline or counsel the students who attacked her; provide protection, a bus aide, medical attention, or counseling to V.S.; notify V.S.'s parents and promptly take an incident report; or properly supervise and train personnel to address incidents of bullying and assault.

Accordingly, OUSD's motion to dismiss is denied with respect to Plaintiff's claims for damages against the Doe Defendants, and with respect to her claims for declaratory and injunctive relief.[6]

---

[6] The Court will consider any argument concerning qualified immunity, see ECF No. 35 at 4-5 n.4, after the Doe Defendants have been identified.

### B. Section 504 and ADA

Both the ADA and section 504 of the Rehabilitation Act prohibit discrimination on the basis of disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish discrimination under the ADA, a plaintiff must show that: "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities, and (3) such exclusion or discrimination was by reason of her disability." Id. To establish a violation of section 504, she must show that "(1) she is handicapped within the meaning of the [Rehabilitation Act]; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id. "[P]laintiff[] must prove a *mens rea* of 'intentional discrimination,' to prevail on a § 504 claim, but that . . . standard may be met by showing 'deliberate indifference,' and not only by showing 'discriminatory animus.'" Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008) (citing Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001)).

OUSD contends that although Plaintiff has alleged that V.S. is a person with a disability, "there is no cogent allegation in the SAC" that OUSD has excluded her from participation in educational programs or otherwise discriminated against her on the basis of her disability. ECF No. 35 at 11. In OUSD's view, "[t]hat Plaintiff was treated differently from any other student, that OUSD has a 'policy or practice' of not responding to allegations of abuse of disabled students during their school commute, or, indeed, that Plaintiff was subjected to bullying or assault of any sustained severity, is speculative at best." Id.

The Court concludes that, read in the light most favorable to Plaintiff, the SAC adequately states a claim for relief under section 504 and the ADA. The SAC alleges that V.S. is a person with a disability who is entitled to transportation services, and who is unable to access these services because Defendants have failed to protect her from assaults and bullying on the school bus. This bullying is directly related to V.S.'s disability. Other students attack V.S. because they "take great offense" to V.S.'s "socially inappropriate" disability-related behaviors, specifically her

8

echolalia. Id. ¶¶ 11, 13. The SAC also alleges that although OUSD was notified about the dangerous situation on the bus, it failed to respond and protect V.S., demonstrating deliberate indifference to her safety. Finally, it alleges that Defendants denied V.S. protections afforded to students who are able to communicate about the harms they experience, and that V.S.'s disability and, in particular, her communication limits, is a motivating reason for Defendants' failure to protect her and notify her parents. SAC ¶¶ 45-46. These allegations are sufficient to state a plausible claim for relief under section 504 and the ADA.

However, the Court notes that although the SAC invokes both title II and title III of the ADA, Plaintiff has only pleaded a cause of action under title III, which applies to privately owned public accommodations, and not title II, which applies to public entities, including public school districts. See 42 U.S.C. §§ 12131, 12132, 12181, 12182. Accordingly, the ADA cause of action will be dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted as to Plaintiff's ADA claim and denied in all other respects.

If Plaintiff intends to reallege her ADA claim, she may file an amended complaint within 14 days of this order. If she does not file an amended complaint, the SAC will be the operative complaint. Plaintiff may not allege new causes of action without first obtaining leave of court.

IT IS SO ORDERED.

Dated: May 28, 2015

_____
JON S. TIGAR
United States District Judge