UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO A. SISNEROS, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>           Defendant. | Case No. 14-cv-05144-JST<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 71 |

Nicole Amey, counsel for Ricardo Sisneros as guardian ad litem for minor plaintiff V.S., has filed a motion to withdraw as counsel in this case.

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Both Mr. Sisneros and Ms. Amey informed the Court at a Case Management Conference on April 27, 2016 that an irreconcilable conflict has developed in their relationship. ECF No. 65. The Court inquired into the basis of this conflict, and agrees that it cannot be mended: Mr. Sisneros has indicated his intention to abandon the written settlement agreement he reached with the other parties to the case, and opposes Ms. Amey's application for fees in connection with that settlement. All parties further indicated at a later July 27, 2016 case management conference that they were aware of the Motion to Withdraw, and no party has filed a response. ECF No. 73. Accordingly, the Court concludes that the requirements of Local Rule 11-5(a) have been met, and grants the Motion to Withdraw.

The Court grants the motion reluctantly, however, because it leaves Mr. Sisneros without counsel. A non-attorney guardian ad litem may not maintain an action on behalf of a minor without representation by an attorney. Castillo-Ramirez v. Cty. of Sonoma, No. C-09-5938 EMC,

2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010); see also Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

The Court informed Mr. Sisneros at both the April 27 case management conference and the July 27 case management conference that he would need to obtain new counsel in order to maintain this suit. ECF Nos. 65, 73. Mr. Sisneros indicated that he was working to obtain substitute counsel. At the July 27 conference, the Court referred Plaintiff to the Federal Pro Bono Project to discuss appointment of new counsel. The Court has since been informed that Mr. Sisneros has declined the Pro Bono Project's invitations to discuss representation with him. Several months have gone by since Ms. Amey and Mr. Sisneros jointly indicated their intent to terminate Ms. Amey's attorney-client relationship, and no attorney has entered an appearance for Mr. Sisneros.

Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE why Plaintiff's action should not be dismissed, as required by law, in light of Plaintiff's lack of representation. If new counsel enters an appearance for Plaintiff, this Order to Show Cause will be vacated.

The further Case Management Conference currently scheduled for September 28, 2016 is hereby continued to November 9, 2016 at 2:00 p.m. Absent the appearance of new counsel or a showing of good cause by Plaintiffs, the Court intends to dismiss this case on that date. Updated Case Management Statements are due by October 31, 2016.

IT IS SO ORDERED.

Dated: September 22, 2016

_____
JON S. TIGAR
United States District Judge